IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kathleen Kramer, | : | |
| | : | Case No. 1:09-cv-72 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| United States of America, | : | MOTION TO REMAND |
| | : | |
| Defendant. | : | |

This matter comes before the Court on Plaintiff's Motion to Remand to Common Pleas

Court of Hamilton County, Ohio (doc. 9). For the reasons stated below, the Court finds that

Plaintiff has waived the right to challenge removal and the Court **DENIES** Plaintiff's motion.

## I.  PROCEDURAL HISTORY

On January 5, 2009, Plaintiff Kathleen Kramer filed a Complaint in the Hamilton

County, Ohio Court of Common Pleas against psychiatrist Ben Lomas, M.D., claiming that he

had committed malpractice by pursuing a personal relationship with her while she was his

patient. (Doc. 1-2.) On February 2, 2009, Dr. Lomas removed the case to this Court on the basis

that Kramer's claim was a federal claim arising under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2679, with "the exclusive remedy against the United States for [the tortious acts of] any

employee of the Government while acting within the scope of his employment."[1] (Doc. 1 at 1-

---

[1] The statute provides in relevant part as follows:

The remedy against the United States provided by sections 1346(b) and 2672 of
this title for injury or loss of property, or personal injury or death arising or
resulting from the negligent or wrongful act or omission of any employee of the
Government while acting within the scope of his office or employment is
exclusive of any other civil action or proceeding for money damages by reason of

2.)

On February 4, 2009, Kramer filed an Amended Complaint naming the United States of America as the only defendant. (Doc. 3.) The Amended Complaint differs from the original Complaint in that it does not name Dr. Lomas as a defendant and specifically alleges that Dr. Lomas' misconduct occurred in the course and scope of his employment with the Department of Veterans Affairs ("VA").[2] (*Id.* at 2.) Therefore, the Amended Complaint alleges an FTCA claim against the United States, though the statute is not identified by name.

Dr. Lomas, who was not named as a defendant in the Amended Complaint, nonetheless filed a Motion to Dismiss any claims against him. (Doc. 4.) Kramer did not oppose the dismissal motion. The Court denied the dismissal motion as moot, and instead found that Kramer's actions constituted a voluntary dismissal of Dr. Lomas as a defendant pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. (Docs. 7, 8.)

The United States answered the Amended Complaint on April 10, 2009. (Doc. 6.) In the Answer, the United States admits that Dr. Lomas is a psychiatrist, that he was employed at the VA Medical Center in Cincinnati, Ohio, and that Dr. Lomas treated Kramer at the VA Medical Center. (*Id.* at 1.) The United States specifically denies that any negligent or wrongful acts committed by Dr. Lomas occurred while Dr. Lomas was acting within the course and scope of

---

the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

[2] The term "VA" refers to "Veterans Affairs" and/or "Veterans Administration."

his employment with the VA.  (*Id.* at 1-2.)

Subsequently, Kramer filed the pending Motion to Remand.  In the briefing on the pending motion, both Kramer and the United States have taken positions inconsistent with their earlier pleadings.  Kramer now states that her claims are merely state law medical malpractice claims and that Dr. Lomas' alleged tortious conduct "occurred mostly outside the scope of his employment of the Veterans Administration."  (Doc. 9 at 1-2.)  The United States now asserts that remand is improper because Kramer's claim is "cognizable" under the FTCA to the extent that Dr. Lomas "had to be acting within the scope of his federal employment . . . when he decided to terminate this doctor-patient relationship with Plaintiff Kramer."  (Doc. 10 at 4.)

## II.    ANALYSIS

The federal remand statute provides in relevant part as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . .

28 U.S.C. § 1447(c).  Ordinarily, the defendant who initiated the removal bears the burden on a remand motion to establish that the removal was proper.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

A plaintiff is the "master of the claim" and can "avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Gentek Building Prods., Inc. v. Steel Peel Lit. Trust*, 491 F.3d 320, 325 (6th Cir. 2007) (same).  A plaintiff may challenge a removal as improper by bringing a motion to remand, but the plaintiff may waive the right to challenge the removal if the alleged jurisdictional defect is cured.  *Gentek*

*Building Prods.*, 491 F.3d at 325. Doubts regarding the propriety of a removal must be resolved against removal. *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 871 (N.D. Ohio 2009).

The *Gentek Building Products* case is instructive. The plaintiff in *Gentek Building Products* filed state law claims in state court against Sherwin Williams asserting, essentially, that certain coatings it had purchased from Sherwin Williams were defective. 491 F.3d at 323. Sherwin Williams then removed the suit to federal court contending that the Magnuson-Moss Act ("MMA"), 15 U.S.C. §§ 2301-2312, provided federal court jurisdiction because the challenged product, the coatings, were "consumer products" subject to the MMA. *Gentek Building Prods.*, 491 at 324. Gentek did not challenge removal, but instead it amended its complaint to explicitly state a MMA claim. *Id.* Subsequently, Sherwin Williams moved for summary judgment arguing that discovery had established the coatings were not "consumer products" and therefore it had no liability under the MMA. *Id.* The district court agreed and granted summary judgment to Sherwin Williams. *Id.* at 323-24. Gentek appealed the summary judgment on the basis that the district court lacked subject matter jurisdiction if, in fact, the coatings were not "consumer products" as defined in the MMA. *Id.* The Sixth Circuit disagreed. It held that in situations where an attack on subject-matter jurisdiction also implicates an element of the cause of action, "then the district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Id.* at 330 (internal quotation and citation omitted).

The facts here are analogous. Kramer alleged only state law claims against Dr. Lomas in the original Complaint. Dr. Lomas removed the case arguing that he had been acting in the course and scope of his federal employment and that the claim, therefore, arose under the FTCA.

4

Kramer initially did not challenge the removal, but instead filed an Amended Complaint against the United States explicitly alleging that Dr. Lomas had been acting in the course and scope of his employment. The filing of the Amended Complaint, which facially states a basis for the Court to assert federal question jurisdiction, acted as a waiver of Kramer's right to challenge the propriety of the removal. *Gentek Building Prods.*, 491 F.3d at 325, 328-29.

The Court is cognizant that the remand statute states that a district court shall remand an action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Subject matter jurisdiction here is based on the assertion of a federal FTCA claim. If the United States at a later date raises the defense that it is not liable under the FTCA because Dr. Lomas was acting outside the course and scope of his federal employment, the principle from *Gentek Building Products* likely is applicable. A factual attack on subject-matter jurisdiction which is entwined with the merits ordinarily will be treated as an attack on the merits with the district court retaining jurisdiction. *Gentek Building Prods.*, 491 F.3d at 331-32.

In sum, the Court denies the Motion to Remand at this time because Kramer waived her right to challenge the removal when she filed an Amended Complaint stating an FTCA claim against the United States.

**III. CONCLUSION**

For the foregoing reason, Plaintiff's Motion to Remand (doc. 9) is **DENIED**.

IT IS SO ORDERED.


                                                  \_\_\_\_\_s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court